**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSEPH F. PIOTROWSKI,

    Petitioner,

-vs-                                                    Case No.  8:07-CV-655-T-30MSS

STATE OF FLORIDA,

    Respondent.
_____/

## **ORDER**

THIS cause is before the Court for consideration of *pro se* Petitioner's Petition for a Writ of Habeas Corpus by a Person Attacking a State Detainer (Dkt. 1). Filed in the United States District Court for the District of Kansas, Topeka Division, on January 30, 2007, this matter was transferred to this Court on April 17, 2007, because Petitioner is challenging state convictions entered in Hillsborough County, Florida. The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section §2254 Cases (2006), and concludes that the petition is subject to summary dismissal pursuant to 28 U.S.C. § § 2254(b)-(c) without service on the Respondents.

Petitioner is currently incarcerated at the United States Disciplinary Barracks, Fort Leavenworth, Kansas ("USDB").  On May 3, 2002, he was transferred from the USDB to the custody of the State of Florida pursuant to a detainer lodged against him by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, under to the Interstate

Agreement on Detainers Act[1] ("IAD") for trial on charges of vehicular homicide and DUI manslaughter.[2] Petitioner contends that in effecting the transfer of custody, federal and state officials violated his right to due process under the IAD and the military's Judge Advocate General Manual. *See* 18 App. II § 2; Fla. Stat. ch. 941.45 (2001).

According to Petitioner, his trial commenced on May 12, 2003. The jury found Petitioner guilty as charged, and on May 14, 2003, he was sentenced to serve a term of 15 years on each charge, with the sentences to run concurrently with Petitioner's federal sentence but consecutively one to the other. Petitioner was returned to the USDB on May 19, 2003.[3] His convictions and sentences were affirmed on April 23, 2004, with the mandate issuing on May 24, 2004. *See Piotrowski v. State*, Case No. 2D03-2463 (Fla. 2d DCA 2004).[4]

Pursuant to 28 U.S.C. § §2254, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

---

[1] A compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the federal government of the United States, the IAD was initially drafted by the Council of State Governments in 1956. The IAD establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial. It also establishes procedures under which a prisoner may initiate his transfer to the receiving state and procedures to protect the prisoner's rights to a speedy trial. *See Cuyler v. Adams*, 449 U.S. 433, 436 (1981).

[2] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, viewed on May 8, 2007.

[3] The Court takes judicial notice of information available on the Arrest Inquiry database maintained by the Hillsborough County Sheriff's Office, http://www.hcso.tampa.fl.us/, viewed on May 8, 2007, which provides arrest and booking information. *See* Fed. R. Evid. 201. The information is not relied upon to determine Plaintiffs' criminal records, but rather to confirm information provided in the complaint.

[4] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, July 19, 2004. *See* Fed. R. Evid. 201.

he is in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas relief is also available under 28 U.S.C. § §2241(c)(3) for state prisoners who claim to be "in custody in violation of the Constitution or laws or treaties of the United States." *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). The IAD is a congressionally sanctioned interstate compact within the context of the Compact Clause of the United States Constitution[5] and thus considered a "law [ ] . . . of the United States."[6]

Assuming, without deciding, that because Petitioner's state sentence runs concurrently with his federal sentence, he is in custody "pursuant to the judgment of a State court," his petition is subject to dismissal pursuant to §2254(b)(1), which states, in pertinent part, that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § §2254(b)(1)(A). Section 2254's exhaustion requirement is also applicable to petitions filed pursuant to §2241(c)(3). *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004) ("'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' §2241 and §2254, with the second of those statutes serving to limit the authority granted in the first one.") (quoting *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003)).

---

[5]"No State shall, without the consent of the Congress, . . . enter into any agreement or Compact with another State. . . ." U.S. Const., art. 1, sec. 10, cl. 3. *See also Reed v. Farley*, 512 U.S. 339, 347 (1994); *Cuyler v. Adams*, 449 U.S. at 442 & n.9.

[6]*See Seymore v. State of Alabama*, 846 F.2d 1355, 1358-59 (11th Cir. 1988).

As acknowledged by Petitioner, he filed a state application for post-conviction relief pursuant to Fla. R. Criminal. P. 3.850 on April 6, 2006 (Dkt. 1 at ¶¶ 26-27). *See Piotrowski v. State*, Case No. 01-CF-15207 (Fla. 13th Jud. Cir. Court. 2003). The trial court denied Petitioner's Rule 3.850 motion on March 20, 2007, and his notice of appeal of the trial court's decision was filed on April 24, 2007. *Id.* Under § 2254(c), so long as Petitioner has "the right under the law of the State to raise, by any available procedure, the question presented," his claims are not properly exhausted. In addressing the exhaustion requirement in *O'Sullivan v. Boerckel*, the Supreme Court held that:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by ***invoking one complete round*** of the State's established appellate review process.

526 U.S. 838, 845 (1999) (emphasis added).  Mere presentation of a claim, standing alone, does not satisfy the exhaustion requirement. "One complete round" generally means that once the notice of appeal is filed, the matter remains pending in the state appellate court until it is either voluntarily dismissed or a dispositive order is rendered.

To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § §2254(b)(1)(B).  Having reviewed the trial court docket, the Court concludes that Petitioner's post-conviction proceedings are not stalled in state court. *See Slater v. Chatman*, 147 Fed.Appx. 959, 960 (11th Cir. 2005) ("Given that the state courts are now moving forward with Slater's direct appeal, we cannot say that 'there is an absence of available state corrective process[ ] or

circumstances exist that render such process ineffective to protect the rights of the applicant'"). Because exhaustion is a statutory requirement, the deficiency in the petition cannot be cured by either discovery or amendment.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for a Writ of Habeas Corpus by a Person Attacking a State Detainer is **DISMISSED** without prejudice (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 14, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh